**ADVANCE MACHINE COMPANY and Robert J. Pond, Appellants,**

v.

**CONSUMER PRODUCT SAFETY COMMISSION, Appellee.**

No. 81–1509.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1981.

Decided Dec. 14, 1981.

Dorsey, Windhorst, Hannaford, Whitney & Halladay, Edward J. Schwartzbauer, ar-

gued, James B. Lynch, Minneapolis, Minn., for plaintiffs-appellants Advance Mach. Co. and Robert J. Pond.

Margaret A. Freeston, Acting Gen. Counsel, Susan E. Birenbaum, Atty., Consumer Product Safety Commission, Washington, D.C., William F. Baxter, Asst. Atty. Gen., John J. Powers, III, Nancy C. Garrison, argued, Attys., Dept. of Justice, Washington, D.C., for appellee.

Before HEANEY and STEPHENSON, Circuit Judges, and DAVIES, Senior District Judge.[*]

DAVIES, Senior District Judge.

This is an appeal from a judgment of the district court[1] holding[2] that the Consumer Product Safety Commission (Commission) possessed authority under the Consumer Product Safety Act (Act), 15 U.S.C. § 2051 et seq., to proceed administratively to assess civil penalties for an alleged violation of the Act; that the penalties are civil, not criminal, in nature; and that the administrative proceedings were not barred by the statute of limitation or the doctrine of *res judicata.*

At the time the district court considered the Act, 15 U.S.C. § 2069 read as follows:

(a)(1) Any person who knowingly violates section 2068 of this title shall be subject to a civil penalty not to exceed $2,000 for each such violation [and] . . . $500,000 for any related series of violations. . . .

(b) Any civil penalty under this section may be compromised by the Commission. In determining the amount of such penalty or whether it should be remitted or mitigated and in what amount, the appropriateness of such penalty to the size of the business of the person charged and the gravity of the violation shall be considered. The amount of such penalty when finally determined, or the amount

agreed on compromise, may be deducted from any sums owing by the United States to the person charged.

(c) As used in the first sentence of subsection (a)(1) of this section, the term "knowingly" means (1) the having of actual knowledge, or (2) the presumed having of knowledge deemed to be possessed by a reasonable man who acts in the circumstances, including knowledge obtainable upon the exercise of due care to ascertain the truth of representations.

The court below, in analyzing the Act, reasoned that because subsection (b) gave the Commission power to determine the amount of a civil penalty; stated the factors to be applied in reaching that determination; and contained no language indicating that the penalty was to be recovered in a civil action, Congress implied that it expected the Commission would assess the penalty.

The Act has since been amended, the Omnibus Budget Reconciliation Act of 1981, Title XII, Consumer Product Safety and Communications, Public Law 97–35, 95 Stat. 357 (August 13, 1981), the applicable changes being:

(c)(1) Section 20 [15 U.S.C. § 2069] is amended by—

(A) redesignating subsection (b) and (c) as subsections (c) and (d), respectively; and

(B) by inserting after subsection (a) the following:

(b) In determining the amount of any penalty to be sought upon commencing an action seeking to assess a penalty for a violation of section [2068(a)], the Commission shall consider the nature of the product defect, the severity of the risk of injury, the occurrence or absence of injury, the number of defective products distributed, and the appropriateness of such penalty in relation to the size of the business of the person charged.

---

[*] The Honorable Ronald N. Davies, United States Senior District Judge for the District of North Dakota, sitting by designation.

1. The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

2. *Advance Mach. Co. v. Consumer Product Safety Com'n,* 510 F.Supp. 360 (1981).

**1168**

Former subsection (b), now subsection (c), was also amended:

(c) Any civil penalty under this section may be compromised by the Commission. In determining the amount of such penalty or whether it should be remitted or mitigated and in what amount, the Commission shall consider the appropriateness of such penalty to the size of the business of the person charged, the nature of the product defect, the severity of the risk of injury, the occurrence or absence of injury, and the number of defective products distributed. The amount of such penalty when finally determined, or the amount agreed on compromise, may be deducted from any sums owing by the United States to the person charged.

The principle that the law in effect at the time of our decision must be applied, *Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *Ia. Power & Light Co. v. Burlington Northern, Inc.*, 647 F.2d 796 (8th Cir. 1981), requires us to construe § 2069(b), as amended.

While still not a model of statutory clarity, the amended section clearly requires the Commission to consider specific factors in "determining" the amount of any penalty to be sought upon commencing an action seeking to "assess" a penalty. The Commission's contention that the terms "determine" and "assess" mean the same thing and, in the context of the Act, be used interchangeably may have been true under former subsection (b) which was silent as how the penalty was to be assessed. It was only because of the "absence of any indication that such a penalty was to be assessed by the courts" that the district court found that the Act implied Congress expected that the civil penalties would be assessed by the Commission. This is no longer true as present subsection (b) requires the Commission to "commenc[e] an action seeking to assess a penalty."

The legislative history supports our conclusion. In discussing the amendments, the conference report states that the Commission would be required to consider certain factors *in determining the amount of a civil penalty to be sought upon commencement of an action for any violation* of § 2068, and to consider the same factors *in compromising a civil penalty in an action for any violation* of § 2068. H.R.Rep. 97–208, 97th Cong., 1st Sess. 886–887 (1981), U.S. Code Cong. & Admin. News 1981, pp. ——, —— ——.

Concluding that the Commission does not have authority to proceed administratively to assess a civil penalty, it becomes unnecessary to consider the remaining issues. The matter is remanded to the district court for further proceedings consistent with this opinion.